LIVIA M. ROUILLIER, by her next friend, &c., *v.* WILLIAM WERNICKI.

Proof that a married woman and her husband occupy a house together, and that the "millinery business," in relation to which both take a part, is there carried on, connected with evidence that the defendant hired a room in the house from the wife by a parol agreement, *is not sufficient to* enable the wife to sue alone for the rent as her separate property.

Such proof does not show that the wife has any separate estate.

The recent statutes of this state, entitled "for the protection of married women," etc., (*a*) do not enable them to become sole traders—buy and sell—make agreements—take leases—become liable for the rent—and incur responsibilities of that nature.

Whether the indulgence in such privileges would prove for their protection? *Quere.*

An objection to evidence as incompetent or inadmissible, cannot be raised for the first time in this court, on appeal from the justices' courts.

THIS action was brought by a married woman, for the rent of a room in a house occupied by the plaintiff and her husband. In his answer, the defendant objected to the plaintiff's right to maintain the suit, and also pleaded a general denial, with a set off of moneys alleged to have been loaned to her. The evidence is sufficiently stated in the opinion.

The plaintiff recovered a judgment in the Third District Court. The defendant appealed.

*Louis H. Pignolet,* for the defendant.

*Henry H. Morange,* for the plaintiff.

BY THE COURT. WOODRUFF, J.—The proof herein showed that the plaintiff is a married woman. That she and her husband reside together at the house in Broadway in which the defendant hired a room. That she is a milliner, and that the business of millinery and dress making is carried on there;

and one of the witnesses says she "was in the employ of Mr. and Madame Rouillier," etc.

The further proof, taken most favorably for the plaintiff, is, that the defendant called on Madame Rouillier and inquired the price of the room, and agreed to take it at twelve dollars a week, and did occupy it for a period.

In this there is nothing which entitled the plaintiff to sue. There is no evidence that she had any separate estate or interest in the premises. If she made any valid agreement it was presumptively for the benefit of her husband. The idea that a married woman, under our late laws "for the protection of married women," can become sole traders, and can buy and sell, make agreements, take leases and become liable for the rents, and incur responsibilities of this nature, is, I apprehend, entirely groundless. It has been supposed that restraining them from exercising such powers was the best protection for them and their husbands also.

Besides, I cannot perceive upon what ground the justice rejected the defendant's set off, unless it was on the ground that a married woman cannot borrow money and make herself liable to refund it. The witness who testified to the loan by the defendant was uncontradicted.

The evidence of Mr. Morange to his conversations with Mrs. Van Pick was wholly inadmissible and incompetent. The declarations of the latter were not evidence against the defendant. But the return does not show that any objection was made on the trial to the evidence given, and the objection cannot be first raised here.

Upon the ground first named the judgment must be reversed with costs.

Judgment reversed.